FILED
SUPERIOR COURT
OF GUAM

2018 MAR 19 PM 4: 48

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| CIVIL SERVICE COMMISSION, | ) | **Case No. SP0096-16** |
| | ) | |
| | ) | |
| Applicant, | ) | **DECISION AND ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| GUAM VISITORS BUREAU, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on November 20, 2017 for a hearing upon the filing by the Civil Service Commission ("Applicant" or "CSC") of an Order to Show Cause ("OSC") against Guam Visitors Bureau ("Respondent" or "GVB"). Attorney Thomas J. Fisher represents the GVB and Attorney John G. Nowakowski[1] represented the CSC. Having duly considered the parties' arguments, briefings, and the applicable law, the Court now issues the following Decision and Order.

---

[1] On November 22, 2017, the CSC provided notice that Attorney R. Todd Thompson would be substituted as counsel.

**ORIGINAL**

---

## BACKGROUND

On July 15, 2016, the CSC filed the underlying Verified Application for Enforcement of Decision ("Application for Enforcement").[2] The Application for Enforcement concerns the enforcement of a decision issued by the CSC on January 26, 2016 in *Doris Flores Brooks v. Guam Visitors Bureau*, Case Nos. 15-PA02 and 15-PA03 (hereinafter "CSC Decision"). (See Application at Ex. A, July 15, 2016.) In the CSC Decision, which was conducted as a post audit assessment pursuant to 4 G.C.A. § 4403(d), the CSC nullified and voided personnel actions related to the appointments and pay increases of two employees of the GVB, specifically, Lisa Linek and Rose Cunliffe (collectively, "Employees"). (Id.) The GVB refused to enforce the CSC Decision, which eventually resulted in the filing of the Application for Enforcement by the CSC pursuant to 4 G.C.A. § 4408. On July 26, 2016, the GVB filed an Answer to An Amended Verified Application for Enforcement of a Decision ("Answer").

On February 2, 2017, the GVB filed a Motion to Dismiss arguing primarily that the Court lacks subject matter jurisdiction over the matter given the CSC's purported lack of post audit assessment authority under 4 G.C.A. §§ 4403(d) and 4403(g). In a Decision and Order issued on July 25, 2017, the Court denied the GVB's motion and determined that the CSC had proper authority and jurisdiction over GVB to conduct post audit assessments of their personnel actions. (See Dec. and Order at 6, July 25, 2017.)

Following this decision, the CSC filed the current Order to Show Cause requesting that GVB appear before the Court to show cause as to why they should not be held in contempt for failing to comply with the CSC Decision. (Order to Show Cause, Oct. 31, 2017.) A reply to the Order to Show Cause was filed by the GVB on November 17, 2017. On November 20, 2017,

---

[2] The Application was initially filed on May 17, 2016, however, it was subsequently amended on July 15, 2016.

the Court held a hearing on the Order to Show Cause and subsequently took the matter under advisement.

## DISCUSSION

As an initial matter, the Court notes that the GVB filed a reply to the OSC and appeared before the Court on November 20, 2017 to explain why they should not be held in contempt for failing to comply with the CSC Decision. Accordingly, the only issue to determine herein is whether the CSC should be held in contempt. The elements of contempt are as follows: "1) a valid order, 2) knowledge of the order, 3) ability to comply with the order, and 4) willful failure to comply with the order." Rodriguez v. Rodriguez, 2003 Guam 8 ¶ 15 (citations omitted).

Applicant's request to hold the CSC in contempt fails on the first element, that is, the presence of a valid order. In its Decision and Order issued on July 25, 2017, the Court only resolved jurisdictional issues and determined that: 1) the GVB submitted to jurisdiction for post audit assessment review by the CSC as stated in 4 G.C.A. § 4403(d) by virtue of 12 G.C.A. § 9110(a) and the GVB's Personnel Rules and Regulations; and 2) the CSC may use the procedures necessary to carry into effect the GVB's properly promulgated rules, including filing the underlying Application for Enforcement under 4 G.C.A. § 4408. (See Dec. and Order at 6, July 25, 2017.) The Court did not issue any other orders in the decision nor was the Application for Enforcement granted. Thus, there are no valid orders of this Court that the GVB failed to comply with.

Additionally, the CSC's request to have GVB explain why they should not be held in contempt for failing to comply with the CSC Decision, specifically, is premature as this issue is related to the crux of the Application for Enforcement, which has not been granted and is still

pending. As explained above, in denying GVB's motion to dismiss, the Court only resolved jurisdictional issues and not the merits of the Application for Enforcement. Should the Court grant the Application for Enforcement, and Respondent fail to comply, then would be the proper time for the CSC to file an OSC.

## CONCLUSION

Based on the discussion above, the Court declines to hold GVB in contempt. A status hearing is scheduled for April 9, 2018 at 2:00 p.m. at which time the Court will set briefing deadlines and a hearing date on the underlying Application for Enforcement.

**IT IS SO ORDERED** on this 19th day of March, 2018.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

_Tisha V. Aguon (Vaha)_
_R. Todd Thompson_
Date: 3/19/18 Time: 5:00 pm
_Linda M. Perez_
Deputy Clerk, Superior Court of Guam